UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                         :
SHARI DOOLEY,                               :
                                                        :
                                   Plaintiff,                :                14-CV-4432 (JMF)
                                                         :
                        -v-                                  :                MEMORANDUM OPINION
                                                         :                     AND ORDER
JETBLUE AIRWAYS CORPORATION,      :
                                                         :
                                   Defendant.             :
                                                         :
------------------------------------------------------------------------X

[USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #:____ / DATE FILED: 04/01/2015]

JESSE M. FURMAN, United States District Judge:

       Plaintiff Shari Dooley brings suit against her former employer, Defendant JetBlue Airways Corporation ("JetBlue"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), Title 42, United States Code, Section 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), Title 42, United States Code, Section 12101 *et seq.* JetBlue now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss. For the reasons stated below, the motion is granted.

## BACKGROUND

       The following facts, taken from the Amended Complaint (Docket No. 10), are assumed to be true for the purposes of this motion. *See, e.g.*, *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).

       Plaintiff began working as a flight attendant for JetBlue on June 21, 2006. (Am. Compl. (Docket No. 10) ¶¶ 10-11). On May 29, 2013, Plaintiff's hand was caught between a food cart and a galley counter, leaving her with a fractured hand and nerve damage. (*Id.* ¶¶ 14-15). Plaintiff was apparently on disability leave from the time of the injury until July 29, 2013, when

she returned to work on a "transitional" basis.  (*Id.* ¶ 16).  Two days after returning to work, however, JetBlue informed Plaintiff that she was being suspended without pay pending an investigation into her "dependability" — a category of investigation that encompasses Plaintiff's attendance record.  (*Id.* ¶ 21).  JetBlue alleged that Plaintiff had improperly taken leave on several occasions in January and February 2013, before her injury and medical leave.  (*Id.* ¶ 25).

On September 13, 2013, JetBlue terminated Plaintiff for violating its policies on dependability.  (*Id.* ¶ 22).  Plaintiff disputed JetBlue's rationale and brought an appeal under JetBlue's internal appeals procedure.  (*Id.* ¶ 24).  Specifically, Plaintiff maintained that JetBlue had "mis-labeled" at least three periods when she had been absent from work.  (*Id.* ¶¶ 24-25).  Plaintiff proffered explanations for those absences — including a car accident and an anaphylactic reaction that her daughter had suffered — and requested that JetBlue recategorize them.  (*Id.* ¶¶ 30-32).  She also asserted that she believed she was terminated in part because of discrimination on the basis of her sex and disability resulting from her hand injury.  (*Id.* ¶¶ 35-36).  JetBlue declined to recategorize Plaintiff's absences, and refused to undo her termination.  (*Id.* ¶¶ 30-32).  This suit ultimately followed.

## LEGAL STANDARDS

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *See, e.g.*, *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009).  To survive a Rule 12(b)(6) motion, however, the plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Further, if the plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed."  *Id.* at 570.

      *Twombly* and *Iqbal* notwithstanding, the Supreme Court has held that, to survive a motion to dismiss, "'a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a *prima facie* case of discrimination under the framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).'"  *Twombly*, 550 U.S. at 569 (quoting *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508 (2002) (alterations in original)).  Until recently, whether that holding remained good law was an unsettled question within this Circuit.  *See, e.g.*, *Smith v. City of N.Y.*, No. 12-CV-3250 (JMF), 2013 WL 1903856, at *2 (S.D.N.Y. May 8, 2013).  In *EEOC v. Port-Authority of New York and New Jersey*, 768 F.3d 247 (2d Cir. 2014), however, the Court concluded that *Swierkiewicz* remains good law insofar as it stands for the proposition that discrimination claims are not subject to a heightened pleading standard, but that the Supreme Court's recitation of the relevant pleading standard was no longer applicable because it relied on the "no set of facts" standard that was "retire[d]" in *Twombly*.  *Id.* at 253-54; *see Twombly*, 550 U.S. at 563.  Accordingly, "while a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss, it must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed."  *Port Auth.*, 768 F.3d at 254 (internal citations and quotation marks omitted); *accord Brown v. Daikin Am. Inc.*, 756 F.3d 219, 228-229 n.10 (2d Cir.

3

2014) (stating that "a Title VII plaintiff's complaint must be facially plausible and allege sufficient facts to give the defendant fair notice of the basis for the claim; it need not, however, make out a prima facie case").

## DISCUSSION

Plaintiff asserts four claims — discrimination claims under both Title VII and the ADA, a failure to accommodate claim under the ADA, and a retaliation claim under Title VII.  The Court considers the two Title VII claims and then turns to the ADA claims.

**A.    Title VII Discrimination Claim**

The Court begins with Plaintiff's Title VII discrimination claim.  Title VII prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  To state a *prima facie* case of discriminatory discharge under Title VII, Plaintiff must allege that: "(1) [s]he falls within a protected group; (2) [s]he held a position for which [s]he was qualified; (3) [s]he was discharged; and (4) the discharge occurred under circumstances giving rise to an inference of discrimination."  *Brown*, 756 F.3d at 229 (internal quotation omitted).  As noted, to survive a motion to dismiss Plaintiff need not specifically plead the elements of a *prima facie* case, *see Port Auth.*, 768 F.3d at 254, but those elements do "provide an outline of what is necessary to render a plaintiff's employment discrimination claim plausible" and therefore provide a useful standard by which to evaluate a plaintiff's claims.  *Szuszkiewicz v. JPMorgan Chase Bank*, 12 F. Supp. 3d 330, 341 (E.D.N.Y. 2014) (internal quotation marks omitted); *accord Smith*, 2013 WL 1903856, at *2.

Applying that standard here, Plaintiff's Title VII discrimination claim fails as a matter of law.  In particular, her Amended Complaint provides only speculation and conclusory statements

in support of her claim that JetBlue's termination was because of sex discrimination.  For example, she asserts that JetBlue's refusal to reconsider the allegedly mislabeled absences is evidence of its bias against her (Am. Compl. ¶¶ 23-25, 32-33, 35), but she does not provide *any* reason to believe that JetBlue's actions were the product of invidious sex-based discrimination.  *See Manolov v. Borough of Manhattan Cmty. Coll.*, 952 F. Supp. 2d 522, 527 (S.D.N.Y. 2013) (dismissing a complaint where the plaintiff did "not state[] any facts from which one could infer any discriminatory intent or motivation with respect to race or gender").  Similarly, Plaintiff's repeated assertions that JetBlue's actions can only be the product of discrimination (*e.g.*, Am. Compl. ¶¶ 33, 35, 36), lack any factual support and, thus, do not constitute "circumstances giving rise to a plausible inference of racially discriminatory intent."  *Yusuf v. Vassar Coll.*, 35 F.3d 709, 713, 715 (2d Cir. 1994); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Plaintiff's allegation that two male flight attendants received more favorable treatment when returning from work-related injuries does not call for a different result.  (*See, e.g.*, Am. Compl. ¶¶ 26-28).  "A plaintiff may support an inference of [sex] discrimination by demonstrating that similarly situated employees [outside her protected class] were treated more favorably," but "[i]n order to make such a showing, the plaintiff must compare herself to employees who *are similarly situated in all material respects.*"  *Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89, 95 (2d Cir. 1999) (internal quotation marks omitted) (emphasis added).  Here, there is no factual basis to conclude that the two male comparators are similarly situated — the Amended Complaint provides no information about their tenure, rank, or performance evaluations within the company, and, perhaps most importantly, gives no indication that, like Plaintiff, they had history of prior questionable absences from work.  *See Henry v. NYC Health*

5

*& Hosp. Corp.*, No. 13-CV-6909 (PAE), 2014 WL 957074, at *7 (S.D.N.Y. Mar. 10, 2014) (concluding that the plaintiff had not pleaded facts sufficient to show that individuals were similarly situated in part because she had not stated "what their responsibilities were [or] how their workplace conduct compared to [the plaintiff's]"); *Hernandez v. City of N.Y.*, No. 11-CV-3521 (SJ) (RER), 2013 WL 593450, at *5 (E.D.N.Y. Feb. 13, 2013) (holding that a police officer had failed to adequately plead facts supporting his claim that materially similar officers received preferential disciplinary treatment because the complaint did not address "underlying facts" of the incidents leading to the supposedly preferential treatment). At bottom, Plaintiff alleges only that two men took leave for work-related injuries and were treated more favorably; in the absence of more facts, that does not suffice to state a plausible claim. *See Kajoshaj v. NYC Dep't of Educ.*, 543 Fed. App'x 11, 14 (2d Cir. 2013) (summary order) (holding that plaintiffs' "naked allegation" that they were treated differently than individuals outside of their protected class "cannot demonstrate a plausible entitlement to Title VI relief." (internal quotation marks omitted)); *see also Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000) (holding that to support a claim for differential treatment, plaintiffs and members of the comparison group must have engaged in conduct of "comparable seriousness" and received markedly different discipline). Accordingly, Defendant's motion to dismiss Plaintiff's Title VII discrimination claim must be and is granted.

**B.     Title VII Retaliation Claim**

Plaintiff's Title VII retaliation also fails. To establish a *prima facie* claim of retaliation, a plaintiff must demonstrate that (1) she engaged in protected activity by opposing an employment practice made unlawful under the relevant statute; (2) the employer was aware of plaintiff's protected activity; (3) the employer took an adverse employment action against the plaintiff; and

6

(4) there was a causal connection between the protected activity and the adverse employment action. *McMenemy v. City of Rochester*, 241 F.3d 279, 282-83 (2d Cir. 2001). Here, Plaintiff's appeal of her termination qualifies as a protected activity because she alleged that JetBlue had treated her differently on account of sex and disability. The problem with Plaintiff's claim, however, is that the adverse employment action — namely, her termination — took place *before* she engaged in that protected activity. *See, e.g.*, *Bernheim v. Litt*, 79 F.3d 318, 325 (2d Cir. 1996) ("Clearly, [the plaintiff] may not base her claim of retaliation upon complained-of acts that predated her speaking out."); *see also, e.g.*, *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001) (holding that an individual cannot raise an inference of retaliation based on timing where the alleged retaliation began *prior* to the protected activity). To be sure, JetBlue declined to reevaluate that termination in Plaintiff's appeal, but that does not qualify as an adverse employment action; instead, "it was an action that kept the status quo in place." *Pinero v. Long Island State Veterans Home*, 375 F. Supp. 2d 162, 168 (E.D.N.Y. 2005). And in any event, ignoring Plaintiff's conclusory assertions that JetBlue's denial of her appeal "made no business sense or common sense" and therefore must have been retaliatory (Am. Compl. ¶ 36), she pleads no facts that could plausibly suggest a causal connection between her complaint of discrimination and the outcome of the appeal. *See, e.g.*, *Jackson v. Cnty. of Rockland*, 450 Fed. App'x 15, 19 (2d Cir. 2011) (summary order) (stating that "bald assertions of discrimination and retaliation . . . are implausible and insufficient to survive a motion to dismiss"); *Anand v. N.Y. State Dep't of Taxation & Fin.*, No. 10-CV-5142 (SJF) (WDW), 2013 WL 3874425, at *9 (E.D.N.Y. July 25, 2013) (holding that "conclusory allegations of retaliatory motive are insufficient" to state a Title VII retaliation claim).

**C.     ADA Discrimination Claim**

Plaintiff's ADA Discrimination claim fails for similar reasons — namely, she does not plead any facts suggesting that her disability (assuming *arguendo* that her injury even qualified as a disability under the ADA) played a role in her termination.  A claim for discrimination under the ADA requires a plaintiff to show that she "suffered an adverse employment action *because* of h[er] disability or perceived disability." *Kinneary v. City of N.Y.*, 601 F.3d 151, 156 (2d Cir. 2010) (emphasis added).  Once again, Plaintiff fails to allege any facts that could plausibly support such an inference; instead, her discussion of JetBlue's alleged discrimination on the basis of disability consists entirely of unsupported allegations and legal conclusions.  (Am. Compl. ¶¶ 19, 33, 35, 41, 42).  Indeed, the only "facts" that she cites are that she was reprimanded for drinking coffee on the job shortly after returning to work (*id.* ¶¶ 17-18); that JetBlue deviated from its normal process for addressing "dependability" concerns in terminating her (*id.* ¶ 41); and that JetBlue was previously fined for unrelated failures to accommodate the disabled (*id.* ¶ 20).  Even together, however, those allegations do not suffice to state a plausible claim that JetBlue terminated Plaintiff "because of" her disability or perceived disability.  *Kinneary*, 601 F.3d at 156; *see also, e.g.*, *Idlisan v. N. Shore-Long Island Jewish Health Sys., Inc.*, No. 13-CV-2345 (SJF) (GRB), 2014 WL 2157540, at *7 (E.D.N.Y. May 23, 2014) (dismissing discrimination claim supported only by "conclusory and speculative allegations"); *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088 (RMB) (HBP), 2014 WL 1259616, at *7 (S.D.N.Y. Mar. 24, 2014) ("[C]onclusory allegations, without more, amount to 'bald speculation,' and are plainly insufficient to state a claim of disability discrimination under the ADA.").

**D.     ADA Failure-To-Accommodate Claim**

Finally, Plaintiff's failure-to-accommodate claim under the ADA is woefully insufficient to survive a motion to dismiss.[1] Such a claim requires a showing that (1) the plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations. *See, e.g.*, *McMillan v. City of New York*, 711 F.3d 120, 125-26 (2d Cir. 2013). Here, conclusory allegations aside (Am. Compl. ¶¶ 19, 33, 35, 41), Plaintiff neither alleges that she asked for an accommodation for her disability nor provides any facts suggesting that the decision to terminate her was related to the accommodations required by her disability. Plaintiff asserts that, following her injury, she was brought back on a transitional basis without any training for her position, and argues that the absence of such training is evidence that JetBlue was capable of accommodating her disability and chose not to do so. (*Id.* ¶¶ 16-17). But that is not a reasonable inference to draw from the mere absence of training, especially where, as here, Plaintiff fails to provide *any* details about the nature of her transitional employment, including why she might have required special training. Put simply, the Court cannot reasonably infer from Plaintiff's lack of training alone that Defendant refused to accommodate her disability.

---

[1]     JetBlue argues that the Court lacks subject-matter jurisdiction over Plaintiff's failure-to-accommodate claim because she did not include it in her Equal Employment Opportunity Commission complaint. (Mem. Law Supp. Def. JetBlue Airways Corp.'s Mot. To Dismiss Pl. Shari Dooley's Am. Compl. In Its Entirety (Docket No. 12) 12-15). The ADA's administrative exhaustion requirement, however, is not a jurisdictional prerequisite, but rather a condition precedent to bringing a claim in federal court. *See, e.g.*, *Francis v. City of New York*, 235 F.3d 763, 767 (2d Cir. 2000). Accordingly, the Court need not and does not reach the issue here. *Cf. Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (holding that a court may not assume subject-matter jurisdiction and resolve a case on the merits).

## CONCLUSION

At bottom, to state a claim under Title VII and the ADA, a plaintiff must do more than allege that she is a member of a protected class and suffered an adverse employment action; she must also allege facts that could plausibly support a finding that the defendant discriminated or retaliated in a manner prohibited by law.  Here, ignoring Plaintiff's conclusory assertions about what she "believes" and what "seems certain" (Am. Compl. ¶¶ 26, 29, 31, 33, 34, 35, 42, 43), the Amended Complaint falls far short.  Accordingly, JetBlue's motion to dismiss must be and is GRANTED, and the Amended Complaint is dismissed in its entirety.

The Clerk of Court is directed to terminate Docket No. 11 and to close the case.

SO ORDERED.

Date: April 1, 2015
      New York, New York

_____
JESSE M. FURMAN
United States District Judge